IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

_____

| | | |
|---|---|---|
| JOHN RONALD PRICE, | ) | Cause No. CV 10-126-BLG-RFC-CSO |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND |
| | ) | RECOMMENDATION OF |
| MIKE MAHONEY; ATTORNEY | ) | U.S. MAGISTRATE JUDGE |
| GENERAL OF THE STATE OF | ) | |
| MONTANA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

On October 5, 2010, Petitioner John Ronald Price filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Price is a state prisoner proceeding pro se.

Price was convicted by a jury in Montana's Sixth Judicial District Court, Park County, of assault with a weapon. He was sentenced to serve twenty years in prison with no eligibility for parole. Pet. (doc. 1) at 2-3 ¶¶ 1-6. He appealed. The Montana Supreme Court affirmed his conviction on April 18, 2006. State v. Price, 134 P.3d 45, 52 ¶ 33 (Mont. 2006).

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 1

On July 10, 2007, Price filed a petition for postconviction relief in the trial court. Pet. at 3 ¶ 11. When the trial court denied relief, he appealed. The Montana Supreme Court again affirmed on November 4, 2009. Price v. State, No. DA 09-0095 (Mont. Nov. 4, 2009). At that point, Price had seven days remaining to file in federal court. Assuming Price gave his federal petition to prison authorities for mailing on the same day he signed it, Price did not file until October 5, 2010. Pet. (doc. 1) at 8; Houston v. Lack, 487 U.S. 266, 270 (1988).

All of the claims in Price's federal petition concern the legitimacy of his conviction and the effectiveness of his attorney. Pet. at 4-7. The Court petition thus appears to be time-barred.

Price was given an opportunity to show cause why his petition should not be dismissed with prejudice. Order to Show Cause (doc. 3) at 3-4. He responded on November 19, 2010. He states that his postconviction counsel waited too long to file his state postconviction petition and that he was transferred to different prisons, losing his legal paperwork on at least one occasion. He also contends he was prejudiced by court staff's failure to send him the correct form when he inquired

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 2

about pursuing an "appeal" in federal court in November 2009.  Resp. to Order (doc. 4) at 2-3.

Postconviction counsel's filing of the state postconviction petition was timely under both state and federal statutes.  Mont. Code Ann. § 46-21-102(1)(b); 28 U.S.C. § 2244(d)(1)(A).  While it appears that court staff sent Price a § 1983 Complaint instead of a § 2254 Habeas Petition, Price did not request either form specifically, leaving staff to guess at what he wanted.  Court staff may not give legal advice.  In addition, the form Price used notifies petitioners of the one-year federal limitations period.  See Pet. (doc. 1) at 2 ¶ 6.  Finally, Price's transfers did not cause him to delay filing from November 2009 until October 2010, because he has been at Montana State Prison since at least October 6, 2009.  CON Network, https://app.mt.gov/conweb (accessed Dec. 6, 2010).

Price's response to the Order to Show Cause fails to adequately explain why he filed his federal petition 327 days late.  Even if he were entitled to equitable tolling for some period of time, he is not entitled to tolling sufficient to cover the entire period of his tardiness.  Spitsyn v. Moore, 345 F.3d 796, 802 (9th Cir. 2003).  The petition must be dismissed

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 3

with prejudice as time-barred.

Price does not claim that his petition was timely filed, nor could reasonable jurists find that his claims suffice to support equitable tolling for the full 327-day period that passed between expiration of the limitations period and his filing in October 2010.  A certificate of appealability is not warranted and should be denied.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>Lambright v. Stewart</u>, 220 F.3d 1022, 1026 (9th Cir. 2000).

Based on the foregoing, the Court enters the following:

RECOMMENDATION

1.  The Petition (doc. 1) should be DENIED on the merits.

2.  The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3.  A certificate of appealability should be DENIED.

NOTICE OF RIGHT TO OBJECT TO FINDINGS &
RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within fourteen

(14) days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Price must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 7th day of December, 2010.

>/s/     Carolyn S. Ostby
>United States Magistrate Judge