IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

_____

| | | |
|---|---|---|
| JOHN RONALD PRICE, | ) | Cause No. CV 10-126-BLG-RFC-CSO |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| MIKE MAHONEY; ATTORNEY | ) | (State's Motion to Dismiss) |
| GENERAL OF THE STATE OF | ) | |
| MONTANA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

This case comes before the Court on John Ronald Price's petition for writ of habeas corpus under 28 U.S.C. § 2254. Price is a state prisoner proceeding pro se.

Price challenges his Montana conviction for assault with a weapon, a violation of Mont. Code Ann. § 45-5-213(1)(a) (2003). In September 2004, a Park County jury found him guilty of causing William Yocom serious bodily injury by slitting his throat. Price was sentenced to serve the statutory maximum, twenty years in prison, and is ineligible for parole. Mont. Code Ann. § 45-5-213(2)(a); Judgment at 1-2 (doc. 17-7 at 24).

Price appealed. The Montana Supreme Court affirmed his conviction on April 18, 2006. *State v. Price*, 134 P.3d 45, 52 ¶ 33 (Mont. 2006) (doc. 17-8). His conviction became final ninety days later, on July 17, 2006. 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, __ U.S. __, 132 U.S. 641, 653-54 (2012); *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

On July 10, 2007, Price filed a petition for postconviction relief in the trial court. Pet. (doc. 1) at 3 ¶ 11. When the trial court denied relief, he appealed. The Montana Supreme Court affirmed the trial court on November 4, 2009. *Price v. State*, 2009 MT 373N (No. DA 09-0095) (Mont. Nov. 4, 2009) (doc. 17-12). At that point, Price had seven days remaining to file in federal court. Assuming Price gave his federal petition to prison authorities for mailing on the same day he signed it, Pet. (doc. 1) at 8; *Houston v. Lack*, 487 U.S. 266, 270 (1988), he filed on October 5, 2010, 327 days too late.

On preliminary review, this Court ordered Price to show cause why his petition should not be dismissed as untimely. Price was advised that he might show either that the Court had wrongly calculated the limitations period or that equitable tolling should apply. Order to Show Cause (doc. 3) at 3-4. Price responded, but the Court concluded that he had failed to show cause why the time bar should not apply. The District Judge adopted this Court's recommendation and dismissed the case. Order

(doc. 7); Judgment (doc. 8).

Price appealed. The Court of Appeals held that Price had fairly alleged "that the prison where he was housed did not have legal materials regarding AEDPA's limitations period." Order at 1, *Price v. Kirkegard*, No. 11-35139 (9th Cir. Dec. 22, 2011) (doc. 10). The Court of Appeals remanded "for consideration of appellant's equitable tolling argument and, if necessary, for expansion of the record." *Id.* at 2.

Following issuance of the mandate, on January 24, 2012, the State was ordered to file an Answer. It filed both an Answer and a motion to dismiss on April 4, 2012. Though other procedural defenses are preserved in the Answer, the motion to dismiss is based solely on the federal statute of limitations and solely on the insufficiency of Price's allegation that he is entitled to equitable tolling. *E.g.*, Br. in Supp. of Mot. to Dismiss (doc. 19) at 7 ("Price's allegations are insufficient to satisfy his burden").

Price did not respond to the State's motion or its Answer. But the state of the record is exactly the same now as it was before the remand. If it were possible to resolve Price's equitable tolling claim on the face of his allegation, as the State asks, the case would not have been remanded from the Court of Appeals. This Court may not disregard the Court of Appeals' decision and dismiss the case a second time on exactly the same record. The State's motion to dismiss should be denied.

An evidentiary hearing is required to address Price's claim for equitable tolling

of the limitations period. Consequently, by separate Order, Price will be given the opportunity to move for leave to proceed in forma pauperis and to request the appointment of counsel. If it is ultimately determined that the statute of limitations should be equitably tolled, the Court will then proceed to address the merits of Price's habeas claims.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

The State's motion to dismiss (doc. 18) should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If a party files objections, it must itemize each factual finding to which objection is made and must identify the evidence in the record it relies on to contradict that finding; and it must itemize each recommendation to which objection is made and must set forth the authority it relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude the party from relying on that fact or argument at a later stage of the proceeding. A district judge will make

a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Price must immediately notify the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of this action without notice to him.

DATED this 6th day of September, 2012.

                                      /s/ *Carolyn S. Ostby*
                                     United States Magistrate Judge